UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEREMY COLE DEHART,

　　　　　　　　Petitioner,

　　　v.

EASTERN DISTRICT FEDERAL
COURT,

　　　　　　　　Respondent.

Case No. 1:24-cv-00617-CDB (HC)

ORDER DENYING MOTIONS FOR
APPOINTMENT OF COUNSEL

(Docs. 3, 6)

Petitioner Jeremy Cole Dehart ("Petitioner"), a state prisoner, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1). Pending before the Court are Petitioner's two motions seeking Court appointment of counsel. (Docs. 3, 6).  In support of his motions, Petitioner advances the following grounds: (1) he has a learning disability (Doc. 3 at 1); (2) he is on psychiatric medication (*id.*); (3) he has no legal training (*id.*); (4) the legal issue brought in his petition is complex (*id.*); and (5) he lacks financial resources to retain an attorney (Doc. 6 at 1).

**Governing Legal Standard**

There is no constitutional right to counsel in federal habeas proceedings.  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel

for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id.* at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition. *See* Habeas Rules 6(a) and 8(c).

**Discussion**

The Court finds Petitioner has not demonstrated that appointment of counsel is necessary or warranted at this early stage of proceedings. Although Petitioner asserts that this case involves a complex legal issue, the Court notes that the types of trial court rulings and ineffective assistance of counsel issues implicated in this case are not unusual in habeas proceedings. The undersigned has reviewed the petition and finds that Petitioner has articulated claims in a sensible and coherent manner. Further, the undersigned notes Petitioner has demonstrated an ability to review and comprehend orders of the Court. Specifically, when Petitioner's earlier petition was dismissed for failure to exhaust administrative remedies, Petitioner promptly sought review of the California Court of Appeals' ruling on his appeal before the California Supreme Court, presumably to comply with his obligation to pursue administrative exhaustion prior to filing suit in federal Court. *Cf. Dehart v. Fresno Super. Ct.*, No. 1:23-cv-01716-KES-SKO (E.D. Cal., Doc. 6) *with* Doc. 1 at 2 (noting Petitioner's review by California Supreme Court, No. S283286).

Furthermore, Petitioner has not shown any exceptional circumstances warrant the appointment of counsel at this stage. Petitioner's proffered difficulties arising from his medication, lack of funds, learning disability, and lack of legal training are shared with many other habeas petitioners. Petitioner's summary assertion that he suffers from certain mental health disorders (Doc. 3 at 1) does not constitute sufficient evidence of a mental incapacity that could prompt the Court to consider the appropriateness of ordering a competency hearing or

otherwise assessing whether the incapacity warrants appointment of counsel.

Therefore, at this stage, the circumstances of this case do not indicate that appointed counsel is necessary or that failure to appoint counsel necessarily would implicate due process concerns.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Petitioner's motions for appointment of counsel (Docs. 3, 6) are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **December 5, 2024**

UNITED STATES MAGISTRATE JUDGE

3