UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY COLE DEHART,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>EASTERN DISTRICT FEDERAL COURT,<br><br>　　　　　Respondent. | Case No. 1:24-cv-00617-CDB (HC)<br><br>**ORDER GRANTING PETITIONER LEAVE TO FILE MOTION TO AMEND TO NAME A PROPER RESPONDENT**<br><br>**30-DAY DEADLINE**<br><br>(Doc. 1) |

Petitioner Jeremy Cole Dehart ("Petitioner") is a pro se litigant proceeding *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). A preliminary screening of the petition reveals it fails to name a proper respondent. Petitioner will be granted leave to name a proper respondent in order to avoid a recommendation to dismiss this action.

**Background**

Petitioner challenges his 2023 conviction in the Fresno Superior Court for first degree murder. (Doc. 1 at 1). Petitioner appears to allege that there was insufficient evidence to establish premedication and deliberation; he received ineffective assistance of counsel; the admission of certain evidence violated his right to due process; and judicial bias. (*Id.* at 5-10). Petitioner raised similar claims on direct appeal. *See People v. Dehart*, No. F082159, 2023 WL 2231854 (Cal. Ct. App. Feb. 27, 2023), *review denied* (May 3, 2023).

1

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. Habeas corpus petitions by pro se petitioners are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *see Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Rule 4). A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. Habeas Rule 2(a); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). "Typically, this person is the warden of the facility in which the petitioner is incarcerated." *Ortiz-Sandoval*, 81 F.3d at 894. Alternatively, the Habeas Rules indicate "the chief officer in charge of state penal institutions" may also be considered a proper respondent. *Id.* (citing Habeas Rule 2(a) advisory committee notes). "Failure to name the proper respondent strips the district court of personal jurisdiction." *Sky v. Stolc*, 497 F. App'x 696, 696 (9th Cir. 2012) (citing *Ortiz-Sandoval*, 81 F.3d at 894).

**Discussion**

Here, Petitioner lists "Eastern District Federal Court" as the respondent. (Doc. 1 at 1). However, Petitioner is incarcerated in a state facility pursuant to a state judgment. (*See id.*). Thus, Petitioner has failed to name a proper respondent. This failure deprives the Court of personal jurisdiction and warrants dismissal. *See Sky*, 497 F. App'x at 696.

However, the Court will afford Petitioner an opportunity to cure this defect by amending the petition to name the proper respondent, such as the warden of his facility. In the interests of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend Petition to Name Proper Respondent" in which Petitioner identifies the name of the proper respondent he seeks to substitute in this action. Petitioner is cautioned that failure to timely

file such a motion will result in a recommendation that the petition be dismissed.

**Conclusion and Order**

Accordingly, it is **ORDERED**:

Petitioner is GRANTED **30 days** from the date of service of this Order in which to file a Motion to Amend Petition to Name Proper Respondent. Failure to timely comply with this Order will result in a recommendation that the petition be dismissed for the reasons explained above.

IT IS SO ORDERED.

Dated:   **July 22, 2025**                                  _____
                                                            UNITED STATES MAGISTRATE JUDGE