UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY COLE DEHART,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>EASTERN DISTRICT FEDERAL COURT,<br><br>　　　　Respondent. | Case No. 1:24-cv-00617-CDB (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS**<br><br>(Doc. 1)<br><br>**14-DAY DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Petitioner Jeremy Cole Dehart ("Petitioner"), a state prisoner, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1).

**Background**

On July 22, 2025, following a preliminary screening of the petition, the undersigned concluded Petitioner failed to name a proper respondent. (Doc. 9). Accordingly, Petitioner was ordered to file a motion to amend the petition to name a proper respondent within 30 days of issuance of the screening order. (*Id.* at 3). Petitioner was cautioned that any failure to comply would result in a recommendation that the action be dismissed. (*Id.* at 2-3) (citing *Sky v. Stolc*, 497 F. App'x 696, 696 (9th Cir. 2012) (affirming dismissal of petition with prejudice for failure to name proper respondent; "Failure to name the proper respondent strips the district court of


1  personal jurisdiction.") (citing *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996)).  More
2  than 30 days have elapsed, and Petitioner has failed to file a motion to name the proper
3  respondent.

4  **Governing Legal Standards**

5        Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that
6  "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
7  be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of
8  the Court." E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and
9  may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the
10 action.  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an
11 action based on a party's failure to prosecute an action, obey a court order, or comply with local
12 rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure
13 to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128,
14 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,
15 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local
16 rules).

17       "In determining whether to dismiss an action for lack of prosecution, the district court is
18 required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;
19 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
20 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
21 sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks &
22 citation omitted).  These factors guide a court in deciding what to do and are not conditions that
23 must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA) Products*
24 *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

25       Similarly, Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if
26 the petitioner fails to comply with a court order.  Fed. R. Civ. P. 41(b).  "By its plain text, a Rule
27 41(b) dismissal . . . requires a court order with which an offending [petitioner] failed to comply."
28 *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation

marks, citation, and footnote omitted).  The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Id*. (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, in addition to failing to name a proper respondent (a ground upon which the Court may dismiss the petition with prejudice, *see Sky*, 497 F. App'x at 697), Petitioner has failed to comply with the Court's order and Local Rules.  Petitioner has filed no response to the Court's order to file a motion to amend to name a proper respondent, and the time to do so has expired. There are no other reasonable alternatives available to address Petitioner's failure to respond and otherwise obey this Court's orders.  Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  *Carey*, 856 F.2d at 1440.  The third factor, risk of prejudice to Respondent, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976).  This matter cannot proceed further without Petitioner's participation to prosecute the case with a petition that (1) is signed by the Petitioner; (2) identifies relevant information concerning whether Petitioner has exhausted his state remedies; and (3) provides factual support for the grounds for relief.  (*See* Doc. 15 at 2-3).  The presumption of injury holds given Petitioner's unreasonable delay in prosecuting this action.  Thus, the third factor—a risk of prejudice to the Respondent—also weighs in favor of dismissal.  *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However,

3

"this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Petitioner has not moved this case forward toward disposition on the merits. Rather, his failure to comply with this Court's orders prevents the action from progressing given that his failure to name a proper respondent deprives this Court of personal jurisdiction. (*See* Doc. 9 at 2 (citing *Sky v. Stolc*, 497 F. App'x 696, 696 (9th Cir. 2012))). Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440. Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, as discussed above, the Court's order cautioned Petitioner that failure to comply would result in a recommendation that the action be dismissed. (Doc. 9 at 2-3).

**Conclusion and Recommendation**

For the reasons given above, the Clerk of Courts is DIRECTED to assign a United States District Judge to this action.

Further, IT IS RECOMMENDED as follows:

1. The Court DISMISS this action for Petitioner's failure to prosecute this action and to comply with the Court's orders (*see* E.D. Cal. Local Rule 110); and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __August 27, 2025__   _____
UNITED STATES MAGISTRATE JUDGE