UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY COLE DEHART,<br><br>        Petitioner,<br><br>   v.<br><br>EASTERN DISTRICT FEDERAL COURT,<br><br>        Respondent. | No. 1:24-cv-00617-KES-CDB  (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE DUE TO PETITIONER'S FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br><br>Doc. 11 |

      Jeremy Cole Dehart is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On July 22, 2025, following a preliminary screening of the petition, the assigned magistrate judge ordered petitioner to file an amended petition to name a proper respondent within thirty (30) days.  Doc. 9.  Petitioner did not file an amended petition.  On August 27, 2025, the magistrate judge issued findings and recommendations recommending that the Court dismiss the petition without prejudice due to petitioner's failure to obey court orders and failure to prosecute this action.  Doc. 11.  The findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  Petitioner did not file objections and the time to do so has expired.

1       In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de
2  novo review of the case.  Having carefully reviewed the entire file, the Court concludes that the
3  findings and recommendations are supported by the record and proper analysis.

4       Having found that petitioner is not entitled to habeas relief, the Court now turns to
5  whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus
6  has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is
7  allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28
8  U.S.C. § 2253.  Where, as here, the Court denies habeas relief on procedural grounds without
9  reaching the underlying constitutional claims, the Court should issue a certificate of appealability
10 "if jurists of reason would find it debatable whether the petition states a valid claim of the denial
11 of a constitutional right and that jurists of reason would find it debatable whether the district court
12 was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a
13 plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a
14 reasonable jurist could not conclude either that the district court erred in dismissing the petition or
15 that the petitioner should be allowed to proceed further."  *Id.*

16      In the present case, the Court finds that reasonable jurists would not find the Court's
17 determination that there is a plain procedural bar present debatable or wrong.  Therefore, the
18 Court declines to issue a certificate of appealability.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

2

Based upon the foregoing, the Court ORDERS:

1. The findings and recommendations issued on August 27, 2025, Doc. 11, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to obey court orders.
3. The Clerk of the Court is directed to close the case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   October 11, 2025

UNITED STATES DISTRICT JUDGE

3